# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

STATE FARM FIRE AND )
CASUALTY COMPANY, )
)
     **Plaintiff,** )
)
vs. ) Case No. 17-CV-164-JHP
)
**(1) CAMERON RAY** )
**(2) JENNIFER RAY,** )
)
     **Defendants.** )

## OPINION AND ORDER

Before the Court is Defendants' Motion to Abstain and Dismiss or Stay (Dkt 64). Plaintiff opposes the requested relief. (Dkt. 67). After consideration of the briefs, and for the reasons stated below, Defendants' Motion is **DENIED**.

## BACKGROUND

Plaintiff State Farm Fire and Casualty Company ("State Farm") filed this declaratory judgment action in this Court against Defendants Cameron Ray ("Cameron") and Jennifer Ray ("Jennifer") (together, "Defendants"). State Farm seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, regarding the existence of coverage and its duty to indemnify and defend Cameron or pay medical expenses to Jennifer under a Farm/Ranch policy issued to Cameron by State Farm.

According to the Complaint, on April 5, 2015, Jennifer was at her home with several friends in Latta, Oklahoma, when Cameron arrived at the home and

shot Jennifer and two friends. (Dkt. 2, ¶¶ 8-9). On April 20, 2015, Cameron was charged with seven counts in the District Court of Pontotoc County, Oklahoma, related to the shooting incident, in Case No. CF-2015-202 (the "Criminal Case"). (*Id.* ¶ 10). On October 21, 2016, a jury found Cameron guilty on two counts of Assault and Battery with a Deadly Weapon—one count as to Jennifer and one count as to Charles Tad Price—and recommended a sentence of 15 years as to each count. (*Id.* ¶ 11). Cameron has appealed his conviction, and the appeal remains pending in the Oklahoma Court of Criminal Appeals. (*Id.* ¶ 13).

On January 25, 2017, Jennifer sued Cameron in the District Court of Pontotoc County, Oklahoma, in Case No. CJ-2017-30 (the "Underlying Lawsuit"). The Petition in the Underlying Lawsuit alleges that Cameron was negligent and reckless in injuring Jennifer, and that he acted with reckless disregard for the safety of Jennifer and others. (*Id.* ¶ 7). Jennifer seeks medical, property, and other expenses, as well as punitive damages, against Cameron. (*Id.*).

At the time of the shooting incident, there was in effect a Farm/Ranch policy issued to Cameron by State Farm. (*Id.* ¶ 14). Jennifer is seeking coverage under this policy for claims she made against Cameron in the Underlying Lawsuit. (*Id.* ¶ 15). In this declaratory judgment action, State Farm alleges the policy does not cover Jennifer's bodily injury or property damage resulting from the shooting incident, because the policy covers only accidents, not willful or malicious acts by

the insured. (*Id.* ¶¶ 17-23). State Farm further alleges the policy does not cover Jennifer's bodily injury because she was an "insured" under the policy, and the policy excludes bodily injury to any "insured." (*Id.* ¶¶ 24-26). The policy defines "insured" to include the insured's spouse if a resident of the insured's household, and State Farm alleges Jennifer and Cameron were married at the time of the shooting incident and Jennifer may have been a resident of Cameron's household. (*Id.* ¶ 26).

State Farm also alleges Cameron failed to provide details of the shooting incident in writing to State Farm or its agent as soon as practicable following the incident, which violated the policy's "Duties After Loss" condition and negates coverage. (*Id.* ¶¶ 27-29). Finally, State Farm alleges Jennifer failed to provide State Farm with a written proof of claim as soon as practicable, which violated the policy's "Duties of an Injured Person" condition of the policy and negates medical payments coverage. (*Id.* ¶¶ 30-33). State Farm further alleges it has no duty to defend or indemnify Cameron for claims made against him in the Underlying Lawsuit. (*Id.* ¶ 34).

Defendants have now moved for this Court to abstain from exercising jurisdiction over this action and dismiss the Complaint. (Dkt. 64). In the alternative, Defendants ask the Court to stay proceedings in this case until pertinent issues in the Underlying Lawsuit and the Criminal Case have been resolved. State

Farm opposes all of Defendants' requested relief. (Dkt. 67). The motion is now fully briefed and ripe for review.

## DISCUSSION

Defendants contend the Court should decline to exercise its jurisdiction over State Farm's declaratory judgment action and either dismiss or stay this case pending resolution of the Underlying Lawsuit. Defendants argue the resolution of this action would not resolve the entire Underlying Lawsuit. Defendants further argue this lawsuit is an improper attempt to characterize Jennifer's negligence claim as an intentional tort claim, which the court in the Underlying Lawsuit already rejected. Defendants contend this case presents the same material issues of fact that are presented in the Underlying Lawsuit, which rest on whether the liability alleged in the Underlying Lawsuit arises from negligence. State Farm disagrees with Defendants' position and asks the Court to retain jurisdiction over this case and proceed without further delay.

**I. Standard of Review**

The Declaratory Judgment Act "confers upon courts the power, but not the duty, to hear claims for declaratory judgment." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n*, 685 F.3d 977, 980 (10th Cir. 2012) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995)); *Pub. Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)). Therefore, whether to entertain a declaratory

judgment action is a matter committed to the trial court's sound discretion. *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) (citing *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 462 (1945)). In exercising this discretion, the Court is mindful that declaratory judgment can be particularly useful "in actions wherein insurance companies seek to have their liability declared." *Horace Mann Ins. Co. v. Johnson By and Through Johnson*, 953 F.2d 575, 579 (10th Cir. 1991).

When deciding whether to hear a declaratory judgment action, the court should weigh the following factors:

> "[1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective."

*St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). The Court will refer to these five factors as the "*Mhoon* factors."

## II. Analysis

Defendants argue all five *Mhoon* factors weigh against this Court's exercising its jurisdiction over State Farm's declaratory judgment action. Applying these factors, the Court disagrees and declines the request to abstain from exercising jurisdiction here.

In this case, State Farm seeks a declaratory judgment (1) of its rights and duties under the policy with respect to the Underlying Lawsuit; (2) that it has no duty to defend or indemnify Cameron for claims made against him in the Underlying Lawsuit; and (3) that it does not have to pay Jennifer's medical expenses. (Dkt. 2, at 10-11 (*Prayer*)). Accordingly, a declaration from this Court would fully resolve the issue of insurance coverage, an issue not raised in the Underlying Lawsuit, and it could serve a useful purpose in clarifying the legal relations among State Farm, Jennifer, and Cameron (the first and second *Mhoon* factors).

Moreover, the timing of State Farm's complaint in this case, less than four months after the Underlying Lawsuit was filed, does not strongly suggest questionable intentions or attempted "procedural fencing" (the third *Mhoon* factor). Defendants argue this factor weighs against State Farm, because State Farm here seeks essentially the same relief it sought in the Underlying Lawsuit—an order that Cameron's actions are properly characterized as intentional torts rather than

negligence. The state court in the Underlying Lawsuit did summarily reject this argument on Cameron's motion for summary judgment. (*See* Dkt. 65). However, State Farm's Complaint raises contractual issues not addressed in the Underlying Action—whether the shooting was an "accident" under the policy; whether Jennifer was an "insured" under the policy, including whether Jennifer was a resident of Cameron's household; and whether Jennifer and Cameron failed to provide proper notice to State Farm regarding the shooting incident, thereby negating coverage.

State Farm is not a party to the Underlying Lawsuit, and this action is the only action pending in which a court is being asked to construe the terms of the policy. The coverage determination does not require this Court to rule on any factual or legal issue presented in the Underlying Lawsuit. *See James River Ins. Co. v. Blue Ox Dance Hall, LLC*, 2017 WL 2367052, at *7-8 (N.D. Okla. May 31, 2017). Due to the nature of the Underlying Lawsuit, the state court in that case may determine whether Cameron was negligent but not whether his actions were intentional. (*See* Dkt. 65, at 49 (Order in Underlying Lawsuit denying motion for summary judgment)). As noted above, declaratory judgment actions to determine the scope of insurance coverage are precisely the type of actions for which declaratory judgment is intended to address. *See Essex Ins. Co. v. Bayless*, 2013

WL 787899, at *2 (E.D. Okla. March 1, 2013). Accordingly, the third *Mhoon* factor favors retention of this case.

A declaration of coverage from this Court will have no identifiable impact on relations with the state court or improperly encroach upon state court jurisdiction (the fourth *Mhoon* factor). The resolution of whether insurance coverage exists is not at issue in the Underlying Lawsuit, nor is the issue of Cameron's intentionality in shooting Jennifer.

Moreover, State Farm's action is the best and most effective available remedy to determine insurance coverage (the fifth *Mhoon* factor). As explained above, State Farm raises policy coverage issues in its Complaint that have not been raised or addressed in the Underlying Lawsuit. Unless it intervenes in the Underlying Lawsuit or brings a separate action in state court, State Farm may not be able to obtain a determination of its obligation to defend and indemnify Cameron or to provide coverage under the policy—the questions to be decided in this case. State Farm has a substantial interest in having issues of insurance coverage, particularly its duty to defend Cameron in the Underlying Lawsuit, decided before the Underlying Lawsuit is resolved.

Defendants assert State Farm should intervene in the Underlying Lawsuit pursuant to Oklahoma's own Declaratory Judgment Act, 12 Okl. St. § 1651. However, Defendants offer no analysis to ascertain whether State Farm may in fact

intervene in the Underlying Lawsuit. The Court will not engage in such an analysis as to whether intervention would be permissible under Oklahoma law. *See James River*, 2017 WL 2367052, at *8. Accordingly, this final factor weighs in favor of retention of jurisdiction.

In sum, all five of the *Mhoon* factors favor retention of State Farm's declaratory judgment action. Therefore, the Court finds it should retain jurisdiction over State Farm's declaratory judgment action and will allow State Farm's case to proceed. Defendants' request to abstain and dismiss is denied.

Further, the Court identifies no reason to stay this case pending the final outcome of the Underlying Lawsuit. State Farm's ongoing duty to defend Cameron is an issue that should be decided quickly to avoid unnecessary expense, and a ruling on this issue should not be delayed until the Underlying Lawsuit is completed. *See Essex*, 2013 WL 787899, at *2. Accordingly, Defendants' request to stay this case is also denied.

## CONCLUSION

For the reasons detailed above, Defendants' Motion to Abstain and Dismiss or Stay (Dkt. 64) is **DENIED**.

**IT IS SO ORDERED** this 26th day of June, 2018.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma