IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON RAY, and<br>JENNIFER RAY,<br><br>Defendants. | Case No. CIV-17-164-RAW |

### ORDER[1]

Before the court are Cameron Ray's motion for summary judgment [Docket No. 133], State Farm's motion to reconsider this court's March 27, 2019 Order denying its motion for summary judgment [Docket No. 142], and State Farm's request for judicial notice of order denying Cameron Ray's petition for writ of certiorari relating to his criminal conviction [Docket No. 190].[2]

At the outset, the court notes that Cameron was convicted of assault and battery with a deadly weapon in violation of 21 OKLA. STAT. § 652(C) in a criminal state court action. He was found negligent[3] in an underlying state tort action (the "Underlying Action") for the same conduct. Cameron argues that the outcome of the Underlying Action is determinative of this

---

[1] For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

[2] Defendants filed objections to both of State Farm's motions [Docket Nos. 153, 164, 191 and 193]. Defendants did not file substantive responses to State Farm's motions, instead requesting extensions of time to respond if the court overrules their objections. As responses are not necessary here, the requests for extensions of time to respond are denied.

[3] The jury found that Cameron was negligent, grossly negligent and acted in reckless disregard for the rights of others.

case, while the criminal proceedings have no bearing.  State Farm argues that the outcome of the criminal action is determinative here, while the Underlying Action has no bearing.

The court first considers State Farm's motion for reconsideration and the Defendants' objections.  State Farm files its motion to correct errors of law.  Specifically, State Farm correctly argues that fundamental issues of law concerning the meaning of the terms of an insurance policy are not determined by the outcome of an underlying lawsuit to determine liability pursuant to state tort law.  *See State Farm and Cas. Co. v. Wade*, No. 12-CV-0148-CVE-PJC, 2012 WL 2524859 at *3 (N.D. Okla. June 29, 2012).  "The meaning of policy terms and the requirements of proving tort liability 'are not parallel and involve completely different legal issues.'"  *Id*.

State Farm argues that the following portion of this court's March 27, 2019 Order is contrary to that law:

> The question of whether Cameron intentionally shot Jennifer was squarely before the state court in the Underlying Action, as evidenced by Cameron's counsel's closing argument.  This court need not again determine that factual issue.  If the jury's verdict in the Underlying Action finding that Cameron was negligent is upheld on appeal, the shooting was an "accident" or "occurrence" under the Policy.

Docket No. 137, p. 4.

It is not.  The law cited by State Farm refers to circumstances where the sole issue is interpretation of policy terms.  Of course, courts may and routinely do consider the factual findings of an underlying civil action in determining whether a policy provides coverage.[4]  The court included this language in its March 27, 2019 Order while focusing on counsel's closing

---

[4] *See Broom v. Wilson Paving & Excavating, Inc.*, 356 P.3d 617, 629 (Okla. 2015) ("Because negligence was the basis of Broom's recovery against Wilson Paving in the district court, such must be considered in deciding whether the expected or intended injury clause in Mid-Continent's policy precludes coverage for Broom's injuries in this case.")

2

arguments in the Underlying Action regarding the terms "intentional" and "accidental" or "negligent" conduct. In its reconsideration, however, the court finds that language inappropriate because despite counsel's closing arguments, it is not clear that the exact issues present here were squarely before the jury in the Underlying Action. To that extent, State Farm's motion to reconsider is granted and the above language is stricken from the court's March 27, 2019 Order.

Nevertheless, as the court stated in its March 27, 2019 Order, Cameron shot his gun "either immediately after entering the residence or after a male guest there came towards him, possibly with a weapon and possibly attacking him." Docket No. 137, p. 2-3. There is evidence that Cameron regularly carried a gun, and while not overwhelming, there is also evidence that he did not enter the house firing, but was instead attacked and a struggle over the gun resulted in Jennifer being shot accidentally. While the court will, of course, instruct the jury about the terms within the Policy, whether Cameron accidentally shot Jennifer under the terms of the Policy is a factual question for a jury to decide. It is not the court's function "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Accordingly, the denial of State Farm's summary judgment motion remains. For the same reasons, Cameron's motion for summary judgment is also denied.

State Farm's motion for judicial notice of order denying Cameron Ray's petition for writ of certiorari relating to his criminal conviction is also denied. State Farm argues that pursuant to the doctrine of non-mutual collateral estoppel, the outcome of the criminal suit against Cameron Ray is binding here. State Farm cites *Atkinson, Haskins, Nellis, Holeman, Phipps, Brittingham & Gladd v. Vector Sec., Inc.* 255 P.3d 453 (Ct. Civ. App. Okla. 2011) in support of its argument.

Notably, that case did not involve questions regarding the terms of an insurance policy. In any event, the doctrine does not apply here.

> Employment of this form of collateral estoppel requires: (1) the precluded issue be the same as that involved in the earlier action; (2) the issue was actually litigated; (3) it was determined by a final and valid decision; and (4) the determination was essential and necessary to the earlier result.

*Id*. at 547.  In *Atkinson*, the defendants "admitted that the issues involved in both cases were identical in all material respects." *Id*.  The same is not true here.  State Farm argues that the criminal action included instructions regarding "willful" and "malicious" acts, but in closing, counsel argued to the jury that to convict, they did not have to find that Cameron intended to injure Jennifer.  Docket No. 133-2 at 22.  In fact, the issues involved in the criminal action were not identical to the issues in this action.  Whether Cameron could be held criminally liable for his actions is not the same issue as whether the shooting of Jennifer meets the definition of an "accident" or an "occurrence" under the terms of the Policy.

### SUMMARY

State Farm's motion to reconsider [Docket No. 142] is GRANTED in part and DENIED in part.  The court strikes the language noted above from its March 27, 2019 Order, but because questions of material fact remain, the denial of the summary judgment motion stands.  Cameron's motion for summary judgment [Docket No. 133] is also DENIED.  State Farm's motion for judicial notice [Docket No. 190] is DENIED.  Defendants' motions for extension of time to respond to State Farm's motions [Docket Nos. 153, 164, 191 and 193] are DENIED.

**IT IS SO ORDERED** this 10th day of January, 2020.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**